# UNITED STATES DISTRICT COURT

for the

## NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Alisha Clark, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Case No.: 1:26-CV-1095 (ECC/PJE) |
|     -v- | **)** | |
| | **)** | **COMPLAINT** |
| Douglas J. Broda, | ) | |
| in his individual Capacity, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
|     Defendant. | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES PURSUANT TO THE AMERICANS WITH DISABILITIES ACT**

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States, including the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12165, and 42 U.S.C. § 1983.

2. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (4), which confer original jurisdiction over civil actions to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States, including the right to reasonable accommodations and effective participation in judicial proceedings guaranteed by the Americans with Disabilities Act.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District, and because Defendant resides in, is employed in, or conducts official business within this District. Venue is further proper because the injuries complained of, including the denial

1

of meaningful access to judicial proceedings, the failure to provide reasonable accommodations were caused and felt within this District.

4. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, as well as compensatory damages and other appropriate relief authorized by federal law, including attorney's fees and costs under 42 U.S.C. § 12205 and 42 U.S.C. § 1988.

**PARTIES**

5. Plaintiff Alisha Clark, with a mailing address of P.O. Box 255, Poplar Bluff, Missouri, 63902, formerly known in the underlying proceedings as ALISHA CLARK WALKER®, is a natural person and a qualified individual with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12102.

6. Plaintiff Alisha Clark, formerly known in the underlying proceedings as ALISHA CLARK WALKER®, was a party to judicial proceedings conducted in RENSSELAER COUNTY, NEW YORK, within the Northern District of New York, and, at all relevant times, was entitled to meaningful access to the courts, effective communication, reasonable modifications, and freedom from retaliation or interference in the exercise of federally protected rights under federal disability-rights law.

7. Defendant Douglas J. Broda, Esq. with an address of 2 Donna Way, Apt. 17, Troy, NY 12180, is an attorney admitted to practice law in the State of New York since 1986 and registered with the New York State Office of Court Administration under Attorney ID No. 2041671. At all relevant times, he acted as a court-appointed Attorney for the Child in proceedings involving Plaintiff within the Northern District of New York.

8. Defendant Broda is sued in his individual capacity for his own acts and omissions that allegedly interfered with Plaintiff's federally protected rights, including conduct constituting retaliation, interference, and obstruction under Title V of the Americans with Disabilities Act, 42 U.S.C. § 12203, and for actions taken under color of state law that denied Plaintiff meaningful access to the courts.

## INTRODUCTION

9. This action arises from and is directly related to custody and matrimonial proceedings conducted in the Supreme Court, RENSSELAER COUNTY, NEW YORK, including *Walker v. Walker*, Index No. EF2018-261675, as well as related appellate proceedings before the Appellate Division, Third Department, under Docket No. CV-23-0040, in which Defendant Douglas J. Broda, Esq. continued acting pursuant to court appointment as Attorney for the Children throughout trial, post-judgment, and appellate-related proceedings.

10. This action arises under 42 U.S.C. § 1983 and Title V of the Americans with Disabilities Act and seeks declaratory, injunctive, and monetary relief arising from alleged retaliatory, intimidating, and disability-related conduct occurring during ongoing judicial proceedings after actual notice of Plaintiff's communication-related disability and protected ADA activity, which Plaintiff alleges materially interfered with her meaningful access to judicial proceedings and protected participation therein.

11. Plaintiff is a qualified individual with a disability who, at all relevant times, was entitled to meaningful access to state judicial proceedings and freedom from retaliation for disability-related advocacy and protected activity.

12. Plaintiff further alleges that Defendant's conduct interfered with federally protected rights to meaningful participation, equal access, effective communication, and freedom from retaliation and interference secured under the Americans with Disabilities Act, including Title V of the ADA, 42 U.S.C. § 12203, and related federal law.

13. As alleged herein, after Defendant became aware of Plaintiff's communication-related disability and protected disability-related activity, Defendant engaged in conduct that materially interfered with Plaintiff's meaningful participation and effective communication during ongoing judicial proceedings, causing concrete harm to Plaintiff and creating an ongoing risk of continuing injury in the absence of meaningful corrective or protective action.

14. Plaintiff seeks declaratory relief to establish the boundaries of lawful conduct, injunctive relief to prevent further violations, and compensatory, nominal, and punitive damages to remedy the injuries caused by Defendant's willful and knowing misconduct.

15. Plaintiff brings this action against Defendant Douglas J. Broda in his individual capacity for conduct undertaken under color of state law that allegedly exceeded the scope of lawful authority conferred through judicial appointment and materially interfered with Plaintiff's meaningful participation, effective communication, and equal access to judicial proceedings following actual notice of Plaintiff's communication-related disability and preserved accessibility concerns.

16. Plaintiff does not challenge Defendant's lawful ability to advocate positions on behalf of the children. Rather, Plaintiff challenges conduct that exceeded legitimate advocacy functions, including intimidation, interference with disability-related participation,

aggressive physical conduct, and actions materially impairing Plaintiff's meaningful access to the proceedings.

17. This action does not seek review, reversal, or modification of any state-court judgment. Rather, Plaintiff challenges independent, non-judicial conduct that interfered with federally protected rights, including the right of access to the courts, the right to meaningful participation and effective communication under the Americans with Disabilities Act, and the right to be free from retaliation and interference for protected activity under Title V of the ADA, 42 U.S.C. § 12203.

**FACTUAL ALLEGATIONS**

18. At all relevant times, Defendant acted pursuant to that court appointment and in connection with ongoing judicial proceedings affecting Plaintiff's meaningful access to the courts, effective communication, equal participation, and protected disability-related participation in the litigation process following disclosure of Plaintiff's communication-related disability.

19. On May 26, 2022, Plaintiff filed federal civil-rights litigation naming Defendant Broda, constituting protected activity under federal law. The filing occurred approximately twenty-six days before the commencement of *Walker v. Walker* trial proceedings.

20. Despite becoming a named defendant in related federal civil-rights litigation brought by Plaintiff, Defendant continued participating as Attorney for the Children in proceedings directly affecting Plaintiff's meaningful participation, protected disability-related activity, and access to judicial processes.

21. Plaintiff alleges that Defendant's continued participation after becoming personally adverse to Plaintiff contributed to a reasonable perception of partiality, and ongoing

interference with Plaintiff's ability to safely and meaningfully participate in proceedings following disclosure of Plaintiff's communication-related disability and preserved accessibility concerns.

22. On June 21, 2022, during trial proceedings in *Walker v. Walker,* Plaintiff disclosed on the record that she is hard of hearing and relies on lip-reading to participate meaningfully in court proceedings. The disclosure appears in the NYSCEF Doc. No. 287 at page 3, lines 19–21. This disclosure provided actual notice of Plaintiff's communication-related disability and need for effective communication accommodations to the Court and participating counsel, including Defendant Broda.

23. Despite actual notice that Plaintiff relied upon visual communication cues and experienced communication barriers during proceedings, Defendant continued engaging in conduct that increased confusion, intimidation, procedural interruption, and communication difficulty during active testimony, materially impairing Plaintiff's ability to follow proceedings and respond effectively in real time.

24. During the proceedings, Defendant Broda acknowledged on the record that the COVID-19 masking requirements interfered with Plaintiff's ability to communicate and participate effectively in the proceedings, thereby confirming that the communication barriers affecting Plaintiff were known and observable during trial.

25. During the trial proceedings, Defendant Broda repeatedly interrupted Plaintiff's testimony through frequent objection practice directed primarily at Plaintiff during active examination. Plaintiff alleges that the cumulative effect of these repeated interruptions materially interfered with Plaintiff's ability to present uninterrupted testimony, process questioning and objections in real time, respond fully during proceedings, and participate

meaningfully following disclosure of Plaintiff's communication-related disability and reliance upon effective communication measures.

26. During proceedings on June 29, 2022, Defendant stated, *"I am allowed to be biased"* Transcript Vol. II, p. 251 attached as Exhibit A.

27. On June 29, 2022, during trial proceedings in *Walker v. Walker,* Defendant Broda engaged in physically aggressive and intimidating conduct toward Plaintiff during active cross-examination. Plaintiff alleges that Defendant leaned toward Plaintiff in close physical proximity, pointed directly at Plaintiff's face, raised his voice while shouting, and spat on Plaintiff during the exchange. Plaintiff immediately responded on the record, stating: "Do you have to point at me like that? You're scaring me …" Trial Transcript Vol. VI at 1342 (June 29, 2022) (attached as Exhibit B).

28. Plaintiff alleges that Defendant's conduct was physically intimidating and materially interfered with Plaintiff's ability to communicate effectively, process testimony and objections in real time, concentrate, respond meaningfully, and safely participate in the proceedings following disclosure of Plaintiff's communication-related disability and reliance upon effective communication measures, including lip-reading and visual communication cues.

29. Plaintiff further alleges that the close-range shouting, pointing, and spitting incident occurred after actual notice of Plaintiff's disability-related communication barriers and during ongoing COVID-19 conditions that already impaired Plaintiff's access to effective communication within the courtroom environment. Plaintiff alleges that this conduct heightened Plaintiff's fear, distress, and communication impairment, further interfering with Plaintiff's ability to safely and meaningfully participate in the proceedings and

contributing to an inaccessible judicial environment affecting federally protected disability-access and participation rights.

30. On August 22, 2022, during ongoing trial proceedings in *Walker v. Walker,* Plaintiff formally raised concerns regarding Defendant's excessive interruption of testimony, obstructive objection practices, perceived bias, refusal to engage in meaningful communication, and conduct impairing Plaintiff's ability to participate meaningfully in the proceedings following disclosure of Plaintiff's communication-related disability and protected activity. Plaintiff further alleged that Defendant's conduct had become unnecessarily adversarial, and personally directed toward Plaintiff.

31. Following Plaintiff's disability disclosure, federal civil-rights filings, and preserved disability-related objections, Defendant continued engaging in conduct affecting Plaintiff's participation in the proceedings, including opposition to Plaintiff's preserved constitutional and disability-related concerns and continued participation despite ongoing accessibility objections and communication-related participation barriers.

32. On or about February 16, 2023, Plaintiff filed a formal motion seeking Defendant Douglas J. Broda's disqualification as Attorney for the Child based upon alleged conflicts of interest, aggressive and adversarial conduct during proceedings, excessive objection practices, refusal to engage meaningfully with Plaintiff's concerns, and continued participation following Plaintiff's federal civil-rights filings and preserved disability-related objections. Plaintiff further alleged that Defendant's conduct had become personally directed toward Plaintiff and materially interfered with Plaintiff's ability to participate meaningfully in the proceedings.

33. On or about March 16, 2023, the Court denied Plaintiff's motion seeking disqualification and removal of Defendant Douglas J. Broda, Esq. as Attorney for the Children, despite Plaintiff's preserved allegations concerning intimidation, bias, excessive objection practices, conflicts of interest, and interference with Plaintiff's participation during the proceedings. The Court further acknowledged that Defendant's assignment would continue through any appeal of the judgment. Plaintiff alleges that Defendant thereafter continued participating in proceedings despite Plaintiff's repeated disability-related objections, conflict concerns, and protected federal civil-rights activity.

34. On or about July 15, 2024, Plaintiff filed a formal motion in the Appellate Division, Third Department, seeking Defendant Douglas J. Broda's disqualification and disciplinary review arising from the conduct alleged herein, including intimidation, retaliation, disability-related participation barriers, interference with effective communication, and impairment of Plaintiff's meaningful participation in judicial proceedings following disclosure of Plaintiff's communication-related disability. Plaintiff further alleges that despite continued notice of these disability-related concerns through appellate filings, preserved objections, ADA-related complaints, and administrative notices, Defendant continued participating in proceedings affecting Plaintiff's ability to meaningfully participate in appellate and judicial processes on equal terms.

35. During ongoing appellate proceedings throughout 2024–2026, Defendant repeatedly opposed Plaintiff's efforts to obtain appellate review, transcripts, record access, extensions of time, and other relief related to Plaintiff's continued pro se participation and disability-related participation concerns. Plaintiff further alleges that Defendant repeatedly characterized Plaintiff's filings, objections, disability-related advocacy, and

protected activity as "nonsensical," "absurd," "pseudo-legal," "frivolous", or procedurally improper despite longstanding notice of Plaintiff's communication-related disability and preserved accessibility concerns.

36. Plaintiff further alleges that despite repeated administrative complaints, ADA-related notices, and preserved disability-related objections submitted to judicial oversight and court-administrative authorities, Defendant continued engaging in adversarial conduct affecting Plaintiff's appellate participation and access to judicial processes, including support for expanded filing restrictions and procedural barriers impairing Plaintiff's ability to preserve objections, seek accommodations, pursue appellate review, and access judicial processes on equal terms with represented and non-disabled participants.

37. Plaintiff alleges that Defendant's continuing appellate and post-judgment conduct materially interfered with Plaintiff's meaningful participation in appellate and judicial proceedings, chilled protected disability-related advocacy activity, and contributed to ongoing emotional distress, fear of retaliation, and apprehension concerning continued participation in court processes following disclosure of Plaintiff's communication-related disability and preserved accessibility concerns.

38. Immunity doctrines are functional in nature and do not automatically extend to all conduct undertaken by court-appointed actors merely because such conduct occurred during litigation proceedings. See *Forrester v. White*, 484 U.S. 219, 227–29 (1988) (holding immunity analysis depends upon the nature and function of the act performed, not the identity or title of the actor); *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993) (holding the functional nature of the conduct determines the scope of immunity

protections); and *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (holding absolute immunity does not extend to conduct outside protected advocacy functions).

39. Courts have further recognized that quasi-judicial immunity does not protect conduct undertaken outside legitimate judicial or advocacy-related functions, including physically aggressive conduct. See *Gregory v. Thompson*, 500 F.2d 59, 64–65 (9th Cir. 1974) (holding physically aggressive conduct was not protected by judicial immunity); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (recognizing immunity does not extend to non-judicial acts or acts undertaken in the complete absence of jurisdiction); and *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). (holding government actors are not shielded where clearly established federal rights are violated).

40. Defendant Broda's actions, as alleged herein, exceeded any lawful or protected advocacy role and included physically aggressive conduct undertaken outside the legitimate scope of child advocacy or protected quasi-judicial activity. Plaintiff further alleges that such conduct materially interfered with Plaintiff's meaningful access to court proceedings, effective communication, protected participation, and federally protected rights secured under the Constitution and the Americans with Disabilities Act.

41. Plaintiff repeatedly raised objections, disqualification requests, ADA-related notices, and administrative complaints concerning disability-related participation barriers, interference with effective communication, retaliatory conduct, and Defendant's continued participation despite preserved accessibility concerns and known communication-related impairments affecting Plaintiff's meaningful participation in judicial proceedings.

42. Plaintiff further alleges that despite repeated notice of Plaintiff's communication-related disability, protected activity, and preserved accessibility objections, Defendant continued

engaging in intimidating and obstructive conduct, including intensified objection practices, dismissive characterization of Plaintiff's filings and advocacy efforts, and efforts impairing Plaintiff's procedural access and participation in ongoing judicial and appellate proceedings.

43. Plaintiff alleges that the cumulative effect of this conduct materially interfered with Plaintiff's meaningful participation, chilled protected activity, and contributed to ongoing emotional distress and fear of retaliation.

## CAUSES OF ACTION

**COUNT 1**

**42 U.S.C. § 1983 – Interference With Meaningful Access to Judicial Proceedings**

44. Plaintiff repeats and realleges each and every preceding paragraph as though fully set forth herein.

45. At all relevant times, Defendant Douglas J. Broda, Esq. acted pursuant to authority expressly delegated through judicial appointment as Attorney for the Children in *Walker v. Walker,* Supreme Court, RENSSELAER COUNTY, NEW YORK, and exercised substantial influence within ongoing judicial proceedings affecting Plaintiff's meaningful participation and access to judicial processes.

46. After actual notice of Plaintiff's communication-related disability and reliance upon lip-reading and other effective communication measures, Defendant engaged in conduct that materially interfered with Plaintiff's ability to participate meaningfully in active judicial proceedings, including repeated interruption of testimony, repeated objection practices during Plaintiff's testimony, intimidating and physically aggressive conduct during proceedings, and continued participation despite preserved disability-related

objections and known communication barriers affecting Plaintiff's ability to hear, process, understand, and respond effectively in real time.

47. Plaintiff further alleges that Defendant's conduct materially impaired Plaintiff's ability to communicate effectively, present testimony, process objections contemporaneously, preserve objections, and participate meaningfully and safely in proceedings following disclosure of Plaintiff's communication-related disability.

48. The rights implicated herein were clearly established at all relevant times. See *Tennessee v. Lane,* 541 U.S. 509, 523 (2004), *Bounds v. Smith,* 430 U.S. 817, 821 (1977); and *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996).

49. Plaintiff further alleges that Defendant's conduct exceeded the scope of legitimate advocacy and included intimidating, physically aggressive, and participation-interfering conduct undertaken outside protected quasi-judicial functions, materially impairing Plaintiff's meaningful access to judicial proceedings and effective communication during active proceedings following disclosure of Plaintiff's communication-related disability.

50. As a direct result of Defendant's conduct, Plaintiff suffered impairment of meaningful participation in judicial proceedings, denial of effective communication during active proceedings, emotional distress, intimidation, and interference with protected participation rights arising from Defendant's conduct during the proceedings.

**COUNT II**

**Americans with Disabilities Act – Title V Retaliation and Interference 42 U.S.C. § 12203**

51. Plaintiff repeats and realleges each and every preceding paragraph as though fully set forth herein.

52. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act and engaged in protected activity under federal law, including disclosure of a communication-related disability, requests for meaningful participation and effective communication accommodations, opposition to inaccessible proceedings, preservation of disability-related objections, submission of ADA-related complaints and notices, and the filing of federal civil-rights litigation and related advocacy activity.

53. Defendant was aware of Plaintiff's disability, Plaintiff's reliance upon lip-reading and effective communication measures, Plaintiff's preserved accessibility concerns, and Plaintiff's protected activity concerning disability-related access, equal participation, and meaningful access to judicial proceedings.

54. Following Plaintiff's disability disclosure and protected activity, Defendant allegedly engaged in intimidating and obstructive conduct that materially impaired Plaintiff's continued participation in judicial proceedings and protected advocacy activity, including intensified objection practices, dismissive characterization of Plaintiff's disability-related filings and advocacy, continued participation despite preserved conflict and accessibility concerns, and repeated actions contributing to inaccessible proceedings.

55. Defendant further allegedly opposed or interfered with Plaintiff's efforts to preserve appellate rights, obtain transcript access, seek extensions related to disability-related participation barriers, and continue asserting protected objections and accessibility concerns within ongoing proceedings.

56. Plaintiff further alleges that Defendant repeatedly characterized Plaintiff's disability-related advocacy, preserved objections, and participation efforts as "nonsensical," "absurd," "pseudo-legal," or frivolous despite longstanding notice of

14

Plaintiff's communication-related disability and ongoing efforts to meaningfully participate in proceedings as a pro se litigant with a disability.

57. Defendant further allegedly supported or sought expanded filing restrictions and procedural barriers impairing Plaintiff's ability to preserve objections, seek accommodations, pursue appellate review, and access judicial processes on equal terms with represented and non-disabled participants.

58. Defendant's conduct would reasonably deter a qualified individual with a disability from asserting protected rights, requesting accommodations, preserving objections, engaging in protected advocacy, or continuing participation in judicial proceedings under similar circumstances.

59. Title V of the Americans with Disabilities Act prohibits retaliation, coercion, intimidation, threats, or interference directed toward individuals exercising rights protected under the ADA. See *Tennessee v. Lane,* 541 U.S. 509, 523 (2004) (recognizing the fundamental importance of meaningful access to courts under the ADA); *Shotz v. Cates,* 256 F.3d 1077, 1080–82 (11th Cir. 2001) (recognizing Title II protections relating to court access and participation); and *Luke v. Texas,* 46 F.4th 301, 309–10 (5th Cir. 2022) (holding exclusion from meaningful participation itself constitutes actionable injury under Title II of the ADA).

60. Defendant further interfered with Plaintiff's exercise and enjoyment of rights protected under the Americans with Disabilities Act by participating in proceedings that continued without adequate effective communication safeguards after actual notice of Plaintiff's disability-related communication barriers and preserved participation concerns.

61. As a direct and proximate result of Defendant's retaliatory and interfering conduct, Plaintiff suffered emotional distress, humiliation, fear, procedural harm, chilling of protected participation, denial of meaningful access to proceedings, impairment of equal participation, interference with protected advocacy activity, and continuing injury affecting Plaintiff's ability to safely and meaningfully participate in judicial processes.

## COUNT III

### Declaratory and Injunctive Relief, 28 U.S.C. §§ 2201–2202

62. Plaintiff repeats and realleges each and every preceding paragraph as though fully set forth herein.

63. Plaintiff further alleges that absent declaratory and injunctive relief, there exists a continuing risk of irreparable harm, including continued retaliation, expansion of filing restrictions impairing court access, further chilling of protected disability-related participation, and continued interference with Plaintiff's ability to safely and meaningfully participate in judicial proceedings following disclosure of Plaintiff's communication-related disability and preserved accessibility concerns.

64. Plaintiff further alleges that monetary damages alone are insufficient to remedy the continuing impairment of federally protected access-to-courts rights, effective communication rights, equal participation rights, and freedom from retaliation and interference secured under federal law.

65. Plaintiff further alleges a likelihood of continuing harm because Defendant has continued participating in proceedings affecting Plaintiff despite repeated disability-related objections, preserved accessibility concerns, administrative

16

complaints, requests for intervention, and formal notices submitted to judicial and oversight authorities concerning the conduct alleged herein.

66. The public interest strongly favors the protection of meaningful access to judicial proceedings, effective communication, equal participation, and freedom from retaliation for individuals exercising rights protected under the Americans with Disabilities Act and the Constitution of the United States. See *Tennessee v. Lane,* 541 U.S. 509, 523 (2004) (recognizing access to courts as a fundamental right protected under Title II of the ADA); *Ex parte Young,* 209 U.S. 123, 155–56 (1908) (authorizing prospective injunctive relief to prevent continuing violations of federal law); and *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (standards governing preliminary injunctive relief and irreparable harm).

67. Plaintiff is therefore entitled to declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, together with temporary, preliminary, and permanent injunctive relief necessary to prevent further retaliation, intimidation, interference, obstruction of protected participation, and impairment of Plaintiff's meaningful access to judicial proceedings and appellate processes.

**INJURIES AND DAMAGES**

68. Defendant acted with deliberate indifference to the known consequences of impairing Plaintiff's disability-related communication access and meaningful participation during active judicial proceedings. As a direct and proximate result of Defendant's conduct, Plaintiff suffered denial of meaningful access to judicial proceedings, unequal participation in court processes, substantial procedural disadvantage, and impairment of Plaintiff's ability to hear, understand, respond to, and meaningfully participate in

17

testimony, objections, evidentiary rulings, and other active litigation proceedings following disclosure of Plaintiff's communication-related disability.

69. Plaintiff further alleges that Defendant's aggressive conduct during proceedings, including the close-range shouting, pointing, and spitting incident described herein, caused substantial emotional distress, humiliation, anxiety, fear, frustration, and psychological harm, particularly as a survivor of domestic violence and as a qualified individual with a communication-related disability. Plaintiff further experienced chilling effects on protected participation and advocacy activity, including apprehension concerning continued participation in proceedings involving Defendant.

70. Plaintiff incurred substantial litigation-related burdens arising from efforts to preserve rights, pursue effective communication measures and accommodations, respond to continuing procedural barriers, and seek corrective relief concerning the conduct alleged herein. Plaintiff further alleges that the continued failure of supervisory and administrative authorities to meaningfully address the conduct despite repeated notice compounded Plaintiff's distress and reinforced Plaintiff's fear that her disability-related needs and protected participation rights would not be adequately protected within the judicial process.

71. Defendant's conduct was intentional, or undertaken with deliberate indifference to Plaintiff's federally protected rights and the known consequences of proceeding without effective communication safeguards and meaningful equal participation. As a result, Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, nominal damages, punitive damages where permitted by law, together with costs, disbursements, and such additional relief as the Court deems just and proper.

18

72. Plaintiff further prepared and maintained a structured damages and procedural-impact analysis documenting recurring instances of alleged retaliation, disability-related participation barriers, procedural interference, intimidation, and protected-activity related conduct arising throughout the proceedings described herein. A true and correct copy of this analytical damages framework may be introduced as Exhibit C.

**CONCLUSION**

73. The conduct alleged herein reflects a continuing pattern of intimidation, retaliatory conduct, denial of effective communication, obstruction of meaningful participation, and escalating procedural barriers occurring after actual notice of Plaintiff's communication-related disability and protected activity under the Americans with Disabilities Act and federal civil-rights law. Despite repeated objections, ADA-related notices, administrative complaints, appellate filings, and requests for intervention, Defendant allegedly continued engaging in conduct that materially impaired Plaintiff's ability to hear, process, understand, respond to, and meaningfully participate in judicial proceedings on equal terms with represented and non-disabled participants.

74. Plaintiff further alleges that the cumulative effect of Defendant's conduct interfered with rights secured under the Americans with Disabilities Act, chilled protected disability-related advocacy activity, and caused substantial emotional, procedural, and litigation-related harm. Through this action, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages as permitted by law, and protection against further retaliation, intimidation, interference, obstruction, or impairment of meaningful access to judicial proceedings and protected disability-related participation under federal law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

A. Declaratory relief establishing that the conduct complained of herein violated Plaintiff's federally protected rights to meaningful access to judicial proceedings, effective communication, equal participation, and freedom from retaliation and interference under the Americans with Disabilities Act, Title V of the ADA, 42 U.S.C. § 12203, and 42 U.S.C. § 1983;

B. Temporary, preliminary, and permanent injunctive relief prohibiting further retaliation, intimidation, coercion, interference, obstruction of protected disability-related activity, impairment of effective communication, or conduct materially interfering with Plaintiff's meaningful participation in judicial or appellate proceedings;

C. Temporary restraining and prospective relief prohibiting further filing restrictions, retaliatory litigation conduct, misuse of Plaintiff's disability-related advocacy or protected activity, and continued conduct impairing Plaintiff's meaningful access to judicial proceedings and effective communication protections guaranteed under federal disability-rights law;

D. Injunctive relief requiring reasonable measures necessary to ensure Plaintiff's meaningful access to judicial proceedings, effective communication, equal participation, and freedom from retaliation and interference during ongoing proceedings involving Plaintiff;

E. Declaratory and equitable relief recognizing that exclusion from meaningful participation, denial of effective communication, and interference with protected

20

disability-related advocacy constitute actionable injuries under the Americans with Disabilities Act;

F. Compensatory damages in an amount to be determined at trial for emotional distress, denial of meaningful participation, interference with effective communication, chilling of protected activity, and related injuries arising from the conduct alleged herein;

G. Nominal damages;

H. Punitive damages to the extent permitted by law;

I. Costs, disbursements, litigation expenses, and attorney's fees pursuant to 42 U.S.C. §§ 1988 and 12205;

J. Such equitable, restorative, prospective, and disability-access related relief as the Court deems just and proper; and

K. Any additional relief necessary to ensure Plaintiff's continued meaningful access to judicial proceedings, effective communication, equal participation, and freedom from retaliation, coercion, intimidation, or interference under the Americans with Disabilities Act and federal law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 19th, 2026

Respectfully submitted,

*Alisha Clark without prejudice w/out recourse*

Alisha Clark, authorized representative for ALISHA CLARK WALKER®, without prejudice, without recourse